DODGE *et. al. vs.* BOSTWICK.

I do not think such a conclusion is *necessarily* to be drawn from the language of the return. This being so, the ordinary presumption in favor of the correctness of official action, must lead us to the conclusion that the cause was not submitted to the Justice for his final decision until the 18th of October.

The motion must be denied.

GEORGE DODGE, VOLNEY P. KIMBALL, BENJAMIN M. AUSTIN AND WILLIAM G. AUSTIN, *ads.* JAMES H. BOSTWICK, Administrator of the Estate of JEREMIAH SYKE, Deceased.

On a first application for a continuance, on account of absence of witness, the following facts should be shown: Materiality of the the testimony, necessity therefor, absence of witness, endeavors made to procure his testimony or attendance at Court, the time when he is expected to return or when the party expects to procure his deposition, and that the application is not made for delay, but that justice may be done.

*Kalamazoo Circuit, May,* 1871.

Motion for continuance.

The affidavit of one of the defendants shows that one George Baker is a material witness—that he left Kalamazoo in the Summer of 1870, and went to Fort Madison, in the State of Iowa to reside, and has not since returned. The affidavit then says: "And this deponent further says that it has not been possible for said defendants to procure the attendance or the deposition of said witness for the trial of said cause, at the present term of this Court, since the same was noticed for trial. And this deponent further says that it is very important that said witness should be present on the trial of said cause, and that his testimony will be of such a nature that the same cannot well be taken by commission, and that said defendants will use every endeavor to procure the personal attendance of said witness on the trial of said cause;" that defendants expect to procure the attendance of said witness at the next term of Court, and that the application is not made for delay, &c.

*Dwight May,* for the motion.

*O. T. Tuthill, contra.*

*By the Court,* BROWN, J·—On a first application for a contin-

uance, made on account of the absence of a witness, such application should be supported by the affidavit of the party desiring such continuance or by his attorney, and when made by the attorney,'should show the reasons why the same is not made by the party. Such affidavit must show,

1. The materiality of the testimony of the absent witness, and that the party cannot, as he is advised, safely proceed to the trial of the cause, without the testimony of such witness. The materiality of the testimony may be shown by swearing to the advice of counsel, (when the affidavit is made by the party,) to whom, it must appear, the affiant has fully and fairly stated the case and what he expects to prove by the witness.

2. The absence of the witness.

3. The endeavors which have been made to find him, or if his residence or stopping place is known, the efforts which have been made to secure his attendance at Court or to take his deposition; the time when he is expected to return or be present, or the time when the party expects to be able to procure his deposition, concluding with the statement, substantially,that the application is not made for delay merely, but that justice may be done.

The affidavit in support of this application is, I think, a substantial compliance with all the requirements indicated, except that it fails to show, unless by inference, that any endeavors have been made to procure the testimony of the witness. It is true that the affiant says " it has not been possible for the defendants to procure the attendance or the deposition of the witness." If this statement be true, a continuanes should be granted, but as the affiant does not state the reason for his conclusion, the Court is unable to determine whether that conclusion is warranted. Whenever the law imposes a duty upon a person, such person will not be excused from its performance by simply saying, "It is impossible for me to do it," but he must go further and show that he has made an honest effort and failed.

The affidavit is insufficient, but as the practice in this respect has heretofore been somewhat irregular, the defendants will be permitted to renew their application at any time during this day, without costs.